# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

*In re*: **C.B.**

**No. 16-0731** (Cabell County 15-JA-116)

**FILED**

**February 21, 2017**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Mother A.J., by counsel R. Matthew Vital, appeals the Circuit Court of Cabell County's July 11, 2016, order terminating her parental rights to six-year-old C.B.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel S.L. Evans, filed its response in support of the circuit court's order and a supplemental appendix. The guardian ad litem ("guardian"), Steven Michael Bragg, filed a response on behalf of the child also in support of the circuit court's order. Petitioner also filed a separate supplemental appendix and a reply. On appeal, petitioner alleges that the circuit court erred in ordering the filing of a petition for abuse and neglect.[2]

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In December of 2014, the child's grandmother L.F., on behalf of the child, filed a domestic violence petition against petitioner alleging that she was on drugs and threatened to give custody of the child to his father. As relief, L.F. sought custody of the child. Following a hearing in which petitioner was not present, the magistrate court granted L.F. a "Domestic

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W.Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W.Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W.Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W.Va. 641, 398 S.E.2d 123 (1990). Petitioner also filed a supplemental appendix.

[2]We note that West Virginia Code §§ 49-1-1 through 49-11-10 were repealed and recodified during the 2015 Regular Session of the West Virginia Legislature. The new enactment, West Virginia Code §§ 49-1-101 through 49-7-304, has minor stylistic changes and became effective on May 20, 2015. In this memorandum decision, we apply the statutes as they existed during the pendency of the proceedings below. It is important to note, however, that the abuse and neglect statutes underwent minor stylistic revisions and the applicable changes have no impact on the Court's decision herein.

Violence Emergency Protective Order."[3] Subsequently, L.F. also filed a petition seeking guardianship of C.B. Following a hearing on this petition, the family court determined that it was based upon allegations of abuse and neglect. Therefore, pursuant to Rule 48A of the Rules of Practice and Procedure for Family Court, the petition was removed to the circuit court.

Following a status hearing in February of 2015 on the guardianship petition, the DHHR completed another investigation. As a result of this investigation, the DHHR filed an abuse and neglect petition alleging that petitioner used illegal drugs and that the child lived with his grandmother "continuously since December 4, 2014." The DHHR also alleged that petitioner's hair follicle test was positive for heroin, opiates, and morphine. Thereafter, the circuit court held a dispositional hearing during which it heard testimony that petitioner failed to comply with services and failed to remedy her drug addiction. By order entered on July 11, 2016, the circuit court terminated petitioner's parental rights. This appeal followed

The Court has previously established the following standard of review:

> "Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011). Upon our review, the Court finds no error in the proceedings below.

On appeal, petitioner argues that the circuit court erred in adjudicating the child as an abused and neglected child. In support of her argument, petitioner contends that the prior allegations of abuse and neglect were unsubstantiated and that there was no evidence of abuse or neglect at the time the petition was filed.

A neglected child is one "[w]hose physical or mental health is harmed or threatened by a present refusal, failure or inability of the child's parent . . . to supply the child with necessary . . . shelter, supervision." W.Va. Code 49-1-3(11) (2013). We have also explained that

---

[3]In its form order, the magistrate court did not make any findings of fact which supported the allegations.

W.Va.Code, 49-6-2(c) [now West Virginia Code § 49-4-601], requires the [DHHR], in a child abuse or neglect case, to prove 'conditions existing at the time of the filing of the petition . . . by clear and convincing [evidence].' The statute, however, does not specify any particular manner or mode of testimony or evidence by which the [DHHR] is obligated to meet this burden." Syllabus Point 1, *In Interest of S.C.*, 168 W.Va. 366, 284 S.E.2d 867 (1981).

Syl. Pt. 1, *In re Joseph A.*, 199 W.Va. 438, 485 S.E.2d 176 (1997) (internal citations omitted).

Despite petitioner's claims to the contrary, the record demonstrates that the circuit court was presented with ample evidence of petitioner's neglect. Here, petitioner failed to provide the child with proper supervision and shelter. Petitioner's hair follicle test was positive for heroin, opiates, and morphine at the time the petition was filed. Petitioner's neglect is further evidenced by the fact that she left the child with his grandmother in December of 2014. Based upon the record, the evidence of abuse and neglect is sufficient to support the circuit court's adjudication.

For the foregoing reasons, we find no error in the decision of the circuit court, and its July 11, 2016, order is hereby affirmed.

Affirmed

**ISSUED**:  February 21, 2017

**CONCURRED IN BY**:

Chief Justice Allen H. Loughry II
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker

**DISSENTING:**

Justice Robin Jean Davis